UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAM ALEXANDER,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHNATHAN KAO,<br><br>　　　　　　　　　Defendant. | Case No.: 3:24-cv-00853-JO-SBC<br><br>**ORDER GRANTING LEAVE TO PROCEED IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)** |

On May 15, 2024, *pro se* Plaintiff Liam Alexander filed what he describes as a "personal injury" lawsuit against Defendant Johnathan Kao. Dkt. 1. He alleges that Mr. Kao's actions caused him to suffer various injuries including life-threatening medical complications. *Id.* Accompanying this complaint, he also filed a motion to proceed *in forma pauperis* ("IFP"). Dkt. 2. For the reasons set forth below, the Court grants Plaintiff's IFP motion but dismisses Plaintiff's complaint without prejudice.

**I.　BACKGROUND**

Plaintiff appears to allege that Defendant, his caretaker, has been interfering with his medical care. Dkt. 1. The entirety of his claims follows:

> The plaintiff is a protected person under executive orders and not legally obligated to disclose certain information. Disclosure of

1

> information could place the plaintiff's life in danger. The plaintiff requests the court proceed based off this information. The defendant has been harassing and abusing the plaintiff for a number of years, by not calling in medications, or calling them in, knowing they aren't available, then refusing to switch the medications to something that is available. The defendant has terminated the plaintiff's healthcare, causing him life-threatening and near fatal complications to deal with. The plaintiff has been hospitalized because of the defendant at least thirty times. . . . The defendant has entered into terms and conditions, which have been breached.

*Id.* at 4 (cleaned up).

Plaintiff's filings also contain the following information with regard to jurisdiction. On the civil coversheet, Plaintiff selects the box for federal question jurisdiction and states that the nature of the suit is "personal injury." *Id.* Plaintiff also asserts that both Plaintiff and Defendant are citizens of California and that the amount of controversy is greater than $75,000 because Defendant has caused Plaintiff "life-threatening medical complications." *Id.*

## II.    DISCUSSION

**A. Motion to Proceed IFP**

Plaintiff has not prepaid the civil filing fee and instead has requested to proceed IFP. Dkt. 1. A claimant bringing an ordinary civil filing in a federal district court must pay a filing fee of $405. 28 U.S.C. § 1914(a); Local Civ. R. 4.5. However, a district court may waive the filing fee by granting leave to proceed IFP. 28 U.S.C. § 1915(a)(1). To proceed IFP, a claimant must submit an affidavit that includes a statement of all assets and demonstrates an inability to pay the filing fee. *Id.*; *see also* Local Civ. R. 3.2. An affidavit is "sufficient where it alleges that the plaintiff cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). "The granting or refusing of permission to proceed [IFP] is a matter committed to the sound discretion of the district court." *Skelly v. U.S. Dep't of Educ.*, No.

19-1812, 2019 WL 6840398, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965)).

Plaintiff has filled out an application to proceed IFP stating that he has no source of income or access to money. Dkt. 2. Plaintiff claims that he has zero gross or net wages. *Id.* He indicates that he has absolutely no source of income. *Id.* Finally, he states that he has no money in either cash or a checking or savings account. *Id.* The Court finds that Plaintiff has "sufficiently show[n] that he lacks the financial resources to pay filing fees." *Dillard v. So*, No. 12-2958, 2013 WL 4857692, at *1 (S.D. Cal. Sept. 11, 2013). Accordingly, the Court grants Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

**B. *Sua Sponte* Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

Because Plaintiff is granted leave to proceed IFP, his complaint must undergo a *sua sponte* screening for dismissal. A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

In performing its screening duty, the Court must determine whether Plaintiff has established subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, they can only adjudicate cases authorized by the Constitution and Congress: those involving diversity of citizenship, a federal question, or to which the United States is a party. *See Finley v. United States*, 490 U.S. 545 (1989). Before reaching the merits of any dispute, a federal court must confirm that it has subject matter jurisdiction to adjudicate the issues presented. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). To establish federal question jurisdiction, a plaintiff must establish that "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude*, 690

F.3d 1127, 1130 (9th Cir. 2012) (internal citation and quotation marks omitted).  Where a plaintiff only raises state law claims, a federal district court only has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."  28 U.S.C. § 1332.

Here, Plaintiff fails to establish subject matter jurisdiction because his allegations exclusively pertain to state law and he has not met the requirements of diversity jurisdiction.  Dkt. 1.  Plaintiff himself styles his suit as a "personal injury" action and alleges that his caretaker's actions have prevented him from accessing necessary medicine and healthcare.  *Id.*  He also alleges that in doing so, his caretaker has breached their contract.  *Id.*  As contract and tort claims are grounded in state law—not federal—Plaintiff cannot establish federal question jurisdiction.  *See Cook Inlet*, 690 F.3d at 1130.  In addition, because Plaintiff alleges that both he and Defendant are citizens of California, he cannot establish diversity jurisdiction which requires that parties hail from different states.  28 U.S.C. § 1332 (requiring parties to be "citizens of different States").

Because Plaintiff can establish neither diversity jurisdiction given the parties' citizenship nor federal question jurisdiction given the nature of the dispute, the Court dismisses Plaintiff's claim without leave to amend but without prejudice to refile in state court.  *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading").  Accordingly, Plaintiff's claims are dismissed without prejudice.

### III.   CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion to proceed IFP, Dkt. 2, and DISMISSES Plaintiff's complaint in full without prejudice, Dkt. 1.  The Clerk of the Court is instructed to close the case.

**IT IS SO ORDERED.**

Dated: June 6, 2024

_____
Honorable Jinsook Ohta
United States District Judge